# EXHIBIT A

SEP-22-2006(FRI) 12:42                                                       P. 022

| | |
|---|---|
| 1 | Theodore J. Holt, SBN 148899 |
|   | David R. Zarka, SBN 103185 |
| 2 | Alissa S. Holt, SBN 217005 |
|   | HACKARD & HOLT |
| 3 | 11335 Gold Express Drive, Suite 105 |
|   | Gold River, CA 95670 |
| 4 | Telephone: (916) 853-3000 |
|   | Facsimile:  (916) 853-3010 |
| 5 | |
| 6 | Attorneys for Plaintiffs |
|   | ALI MUHILDDINE and BASSEMA |
| 7 | MUHILDDINE |

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| 10 | Coordination Proceeding | ) | JCCP No. 4247 |
|    | Special Title (Rule 1550(b)) | ) | |
| 11 | | ) | Case No.: **BC359104** |
|    | VIOXX® CASES | ) | |
| 12 | _____ | ) | County of Origin: _Sacramento_ |
|    |  | ) | Superior Court |
| 13 | ALI MUHILDDINE and BASSEMA | ) | |
|    | MUHILDDINE, | ) | *(By Order of the Honorable Victoria G.* |
| 14 |  | ) | *Chaney, the designated county of origin* |
|    |     Plaintiffs, | ) | *shall be deemed, and is stipulated to be, the* |
| 15 |  | ) | *original county in which this case was* |
|    | v. | ) | *initially filed and pending for purposes of* |
| 16 |  | ) | *removal under U.S.C. § 1441(a) and* |
|    | MERCK & COMPANY, INC., a | ) | *potential trial venue.)* |
| 17 | corporation; McKESSON | ) | |
|    | CORPORATION, a corporation; | ) | **COMPLAINT: AMENDED NOTICE OF** |
| 18 | AMERISOURCEBERGEN DRUG | ) | **ADOPTION OF VIOXX MASTER** |
|    | CORPORATION, a corporation; | ) | **COMPLAINT (2005 Amended NOA)** |
| 19 | PFIZER, INC.; PHARMACIA | ) | |
|    | CORPORATION; G.D. SEARLE | ) | Assigned to Honorable Victoria G. Chaney, |
| 20 | LLC, (FKA G.D. SEARLE & CO.); | ) | Department 324 |
|    | DOES 1 to 100; PHARMACEUTICAL | ) | |
| 21 | DEFENDANT DOES 101 to 200, and | ) | |
|    | DISTRIBUTOR DEFENDANT DOES | ) | |
| 22 | 201 to 300, inclusive, | ) | |
|    |  | ) | |
| 23 |     Defendants. | ) | |
|    |  | ) | |
| 24 | | | |
| 25 | /// | | |
| 26 | /// | | |
| 27 | /// | | |
| 28 | | | |

                                         1

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

11351000.bf - 9/22/2006 12:55:17 PM

BY FAX

M008A18447

SEP-22-2006(FRI) 12:42                                                           P.023

1   Plaintiffs, ALI MUHILDDINE and BASSEMA MUHILDDINE, complain against
2   Defendants, and each of them, and allege as follows:
3   Pursuant to the Court's Case Management Order No. 3: General Pre-trial Order and Case
4   Management Order No. 6: Order Regarding Direct Filing, Plaintiffs, ALI MUHILDDINE and
5   BASSEMA MUHILDDINE, hereby adopt the Master Complaint, and any rulings or orders of the
6   Court relating thereto:
7       1. (a) <u>Causes of action and Parties alleged in the Master Complaint.</u> Plaintiffs
8   incorporate by reference each of the causes of action in the Master Complaint checked below:
9       ☒   Strict Liability – Failure to Warn
10      ☒   Negligence
11      ☒   Negligence Per Se
12      ☒   Breach of Implied Warranty
13      ☒   Breach of Express Warranty
14      ☒   Deceit by Concealment
15      ☒   Negligent Misrepresentation
16      ☒   Violation of Business & Professions Code § 17200
17      ☒   Violation of Business & Professions Code § 17500
18      ☐   Wrongful Death
19      ☐   Survivor Action
20      ☒   Loss of Consortium
21    (b)   <u>Causes of Action and/or Parties not alleged in the Master Complaint.</u>
22  Plaintiff alleges additional causes of action and/or names additional parties not
23  mentioned in the Master Complaint as follows: <u>PFIZER, INC.; PHARMACIA CORPORATION;</u>
24  <u>G.D. SEARLE LLC. (FKA G.D. SEARLE & CO.). See attached addendum.</u>
25  ///
26  ///
27
28                                         2

<u>Complaint</u>: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

11351000.M - 9/22/2006 12:55:17 PM

M008A18448

2. Plaintiffs are residents of the State of California, County of Sacramento. Plaintiff's injuries as alleged in this litigation occurred in the County of Sacramento, in the State of California.

3. Plaintiff ☒ is/ ☐ is not claiming damages for mental and/or emotional distress.

4. ☒ Plaintiff ALI MUHILDDINE is an individual who ingested VIOXX®, CELEBREX, and/or BEXTRA and who asserts claims for damages herein by complaining of the following injuries: <u>Including but not limited to shortness of breath, chest pain, economic damages</u>

☒ Plaintiff BASSEMA MUHILDDINE is the spouse of ALI MUHILDDINE, an individual who ingested VIOXX®, CELEBREX and/or BEXTRA and allegedly sustained personal injuries as a result.

☐ Plaintiff's decedent, _____, is an individual who ingested VIOXX®, CELEBREX and/or BEXTRA and allegedly sustained fatal injury as a result. The following plaintiffs and heirs of plaintiff's decedent, or other persons entitled to bring an action for the wrongful death of plaintiff's decedent, and bring the causes of action alleged herein pursuant to Code of Civil Procedure § 377.60:_____

☐ Plaintiff is a personal representative or successor in interest to decedent, _____, who ingested VIOXX®, CELEBREX and/or BEXTRA and allegedly sustained fatal injury as a result, and is authorized to bring a survivor action on behalf of the decedent pursuant to Code of Civil Procedure § 377.31, et seq. Plaintiff has been appointed as the decedent's personal representative or successor in interest by the following court, on the following date:_____

5. The Vioxx ingested by plaintiff or decedent was purchased at the following pharmacies *(provide name and address of each pharmacy)*: <u>Walgreen 6144 Dewey Drive, Citrus Heights, CA 95621</u>

3

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

11351000.tif - 9/22/2006 12:55:17 PM

M008A18449

SEP-22-2006(FRI) 12:43                                                P. 025

6. *(If plaintiff alleges a cause of action for deceit by concealment and/or a cause of action for negligent misrepresentation, plaintiff must complete this section.)* Plaintiff claims that defendants are liable to plaintiff for deceit by concealment and/or negligent misrepresentation based on the following allegations:

(a) What allegedly false statement(s) did defendants make to you or your doctor *(if doctor, state the name and address of the doctor)*?: In an effort to increase sales of the drug and improve profits, defendants concealed and misrepresented the safety of Vioxx, Celebrex, and Bextra by and through documents and pharmaceutical representatives. Defendants did not include accurate portrayals of the risks associated with Vioxx, Celebrex and Bextra and concealed the serious cardiovascular and other risks of Vioxx, Celebrex and Bextra. Defendants knew of these adverse risks through clinical trials and adverse event reports as well as other sources, yet did not divulge the information.

(b) State the name and job title of the individual(s) who made the above-described statements to you or your doctor?: On information and belief, defendants and defendants' sales representatives withheld and denied the adverse health effects.

(c) When, and by what means (e.g., writing, oral statement, television, Internet, etc.), were the above-described statements made to you or your doctor?: On information and belief, written communications, oral statements and other means were used to misrepresent the ill effects of Vioxx, Celebrex and Bextra. Defendants concealed the significant increases in adverse cardiovascular events among Vioxx, Celebrex and Bextra users in all means of communication.

(d) When, and how, did you or your doctor rely on the above-described statements?: Plaintiff's doctor relied on the misrepresentation and concealment by prescribing Vioxx, Celebrex and Bextra as treatment. Plaintiff relied on the misrepresentation by purchasing and ingesting the dangerous drugs.

(e) If the above-described statements were false by virtue of defendants' concealment of facts that were known by defendants, state the facts that were concealed and that, if known by you or your doctor, would have prevented your alleged injury: Defendant concealed

4

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

11351000.tif - 9/22/2006 12:55:17 PM

M008A18450

SEP-22-2006(FRI) 12:43                                                              P. 026

1  the serious cardiovascular and other risks associated with Vioxx, Celebrex and Bextra. Defendant
2  withheld findings from adverse event reports, clinical trials and studies which showed statistically
3  significant increases in cardiovascular events among Vioxx, Celebrex and Bextra users.
4       7.   Plaintiff requests the relief checked below:
5       ☒    Past and future general damages, according to proof.
6       ☒    Past and future medical and incidental expenses, according to proof.
7       ☒    Past and future loss of earnings and/or earning capacity, according to proof.
8       ☒    Punitive and exemplary damages, where permitted by law.
9       ☒    Damages for past and future mental and/or emotional distress, according to
10           proof.
11      ☒    Damages for past and future loss of consortium, according to proof.
12      ☒    Costs of suit incurred herein.
13      ☐    Injunctive relief (specify): _____
14           _____
15           _____
16      ☒    Other (specify): ___For disgorgement of profits according to proof, for
17           attorneys fees and for other such and further relief as this Court deems just and
18           proper.___

20  Dated: September 21, 2006                 HACKARD & HOLT

                                              By: /s/ Alissa S. Holt
                                                  ALISSA S. HOLT
                                              Attorneys for Plaintiffs
                                              ALI MUHILDDINE and
                                              BASSEMA MUHILDDINE

                                              5

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)
11351000.tif - 9/22/2006 12:55:17 PM

M008A18451

· SEP-22-2006(FRI) 12:43                                              P. 027

1(b)  **Causes of Action and/or Parties Not Alleged in the Master Complaint:**

Pursuant to Case Management Order No. 6: <u>Direct Filing and Adoption of Master Complaint</u>, subsection 2(c), Plaintiffs herein name the additional defendant parties listed below and allege each and every cause of action set forth in the Master Complaint adopted herein against said parties. Further, plaintiffs incorporate the following information as to the below-named defendants in support of their allegations against said defendants as if set forth in full in each and every cause of action of the Master Complaint:

### ADDITIONAL DEFENDANTS

PFIZER, INC. ("PFIZER"), a Delaware Corporation; PHARMACIA CORPORATION ("PHARMACIA"), a Delaware Corporation; G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.) ("SEARLE"), a Delaware Corporation; and DOES 301 to 400.

1. Defendant PFIZER is a Delaware corporation headquartered and with a principal place of business in New York, New York. On July 16, 2002, PFIZER announced its proposed acquisition of PHARMACIA. On April 16, 2003, PFIZER completed its $60 billion acquisition of PHARMACIA. As a wholly-owned subsidiary of PFIZER, PHARMACIA acted in all aspects as PFIZER's agent and alter ego. At all times relevant hereto, PFIZER, and/or its predecessors in interest, were engaged in, inter alia, the business of testing, manufacturing, labeling, marketing, distributing, and promoting Cox-2 inhibiting drugs, including Celebrex and Bextra throughout the United States. Plaintiffs allege on information and belief that PFIZER does business in California and in Los Angeles County and, at all times relevant hereto, tested, manufactured, labeled, marketed, distributed, promoted and sold the drugs Celebrex and Bextra.

2. PFIZER includes any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors, successors, and assigns and their present officers, directors, employees, agents, representatives, and other persons acting on their behalf.

3. Defendant, PHARMACIA, is a Delaware corporation with its principal place of business in New Jersey. PHARMACIA was created in April 2000, through the merger of

**Complaint:** Amended Notice of Adoption
Addendum to Section 1(b)

1

11351000.tif - 9/22/2006 12:55:17 PM

M008A18452

SEP-22-2006(FRI) 12:43                                                                 P. 028

1   Pharmacia & Upjohn with Monsanto Company and its G.D. SEARLE unit. PHARMACIA is
2   now a wholly-owned subsidiary of PFIZER. At all times relevant hereto, PHARMACIA, and its
3   predecessors in interest, were engaged in, inter alia, the business of testing, manufacturing,
4   labeling, marketing, distributing, promoting, and selling Cox-2 inhibiting drugs, including
5   Celebrex and Bextra throughout the United States. Plaintiff alleges on information and belief
6   that Pharmacia does business in California and in Los Angeles County and, at all times relevant
7   hereto, it tested, manufactured, labeled, marketed, distributed, promoted and sold the drugs
8   Celebrex and Bextra.
9          4.      Defendant G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), is a Delaware
10  Corporation with its principal place of business in Illinois. In April 2000, SEARLE was acquired
11  by PHARMACIA, and became a wholly-owned subsidiary of PHARMACIA. At the time of
12  PFIZER's acquisition of PHARMACIA, SEARLE was a wholly-owned subsidiary of
13  PHARMACIA, acting as its agent and alter ego in all matters alleged in this Complaint, and is
14  now a wholly-owned subsidiary of PFIZER. At all relevant times hereto, SEARLE, and its
15  predecessors in interest, were engaged in, inter alia, the business of testing, manufacturing,
16  labeling, marketing, distributing, promoting, and selling Cox 2 inhibiting drugs, including
17  Celebrex and Bextra throughout the United States. Plaintiff alleges on information and belief
18  that Pharmacia does business in California and in Los Angeles County and, at all times relevant
19  hereto, it tested, manufactured, labeled, marketed, distributed, promoted and sold the drugs
20  Celebrex and Bextra.
21         5. Celecoxib was developed in 1998, by SEARLE and marketed jointly by SEARLE and
22  PFIZER under the brand name, Celebrex. SEARLE was acquired by PHARMACIA, which was
23  then acquired by PFIZER, in part so that PFIZER could take full control of Celebrex.
24         6.      Defendant McKESSON CORP. (currently named in the Master Complaint
25  adopted herein) packaged, distributed, supplied, sold, placed into the stream of commerce,
26  labeled, described, marketed, advertised, promoted and purported to warn or to inform users
27
28
                                            Complaint: Amended Notice of Adoption
                                                    Addendum to Section 1(b)
                               2
11351008.tf - 9/22/2006 12:55:17 PM

SEP-22-2006(FRI) 12:43                                                                        P. 029

1  regarding the risks pertaining to, and assuaged concerns about the pharmaceutical drugs Celebrex
2  and Bextra in and throughout the State of California, including Los Angeles County.
3      7.   Plaintiffs are informed and believe, and based thereon allege, that in committing
4  the acts alleged herein, each and every managing agent, agent, representative and/or employee of
5  the defendant was working within the course and scope of said agency, representation and/or
6  employment with the knowledge, consent, ratification and authorization of the Defendant and its
7  directors, officers and/or managing agents.
8      8.   The true names and capacities, whether individual, corporate, associate or
9  otherwise, of Defendants named herein as DOES 301 to 400, and each of them, are unknown to
10 Plaintiffs, who therefore, sue said Defendant by such fictitious names. Plaintiffs will ask leave to
11 amend this Complaint to state said Defendants' true identities and capacities when the same have
12 been ascertained.
13     9.   Plaintiffs are informed and believe and based thereupon allege that at all times
14 herein mentioned each of the Defendants was the agent, servant and/or employee or occupied
15 other relationships with each of the other named Defendants and at all times herein mentioned
16 acted within the course and scope of said agency and/or employment and/or other relationship
17 and each other Defendant has ratified, consented to, and approved the acts of his agents,
18 employees, and representatives, and that each actively participated in, aided and abetted, or
19 assisted one another in the commission of the wrongdoing alleged in the Complaint.
20     10.  At all times relevant to this action, Defendants, and each of them, intentionally,
21 recklessly, and/or negligently concealed, suppressed, omitted and misrepresented the risks,
22 dangers, defects and disadvantages of Cox-2 inhibiting drugs, including Celebrex and Bextra,
23 and advertised, promoted, marketed, sold and distributed said drugs as a safe prescription
24 medication when, in fact, Defendants had reason to know, and did know, that said drugs were not
25 safe for its intended purposes, for the patients for whom it was prescribed and for whom it was
26 sold; and that Celebrex and Bextra caused serious medical problems and, in certain patients,
27 catastrophic injuries and death.
28

Complaint: Amended Notice of Adoption
Addendum to Section 1(b)

3

11351000.01 - 9/22/2006 12:55:17 PM

M008A18454

SEP-22-2006(FRI) 12:43                                                           P. 030

11. In engaging in the conduct alleged herein, each Defendant acted as the agent for each of the other Defendants, or those Defendant's predecessors in interest.

### GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTIONS

12. Defendants, PFIZER and PHARMACIA, fraudulently induced consumers to purchase their pharmaceutical drug Celebrex (also known as Celecoxib) and Bextra (also known as Valdecoxib) by advertising non-existing benefits and concealing and trivializing known deadly and life altering risks.

13. Celebrex and Bextra are selective Cox-2 inhibitors, non-steroidal anti-inflammatory drugs (NSAID). In December 1998, the FDA approved Celebrex to provide treatment of chronic and short-term pain. At the time it was the first of its kind on the market. Both before and after its approval, clinical trials showed that Celebrex could cause serious side effects unknown to most consumers and physicians. Despite this, Defendants did little if anything to alert physicians and consumers to the inherent risks of Celebrex.

14. In November 2001, the FDA approved Bextra to provide treatment of chronic short-term pain. After its approval, clinical trials showed that Bextra could cause serious side effects unknown to most consumers and physicians. Despite this, Defendants did little if anything to alert physicians and consumers to the inherent risks of Bextra.

15. Each of the defendants used overly aggressive marketing tactics in order to exaggerate the benefits provided by these NSAID drugs. In heavy competition with each other, Merck, PFIZER and PHARMACIA rushed through clinical trials to get the drugs onto the market. Defendants ignored flaws in the original clinical studies in hopes of gaining FDA approval. Defendants saturated the market with false, deceptive and fraudulent information and Vioxx, Bextra and Celebrex.

16. Like Merck, Defendants, PFIZER and PHARMACIA, engaged in false and deceptive advertising regarding Bextra and Celebrex. Though no testing of Celebrex had ever lasted over a year, Defendants nonetheless hailed it as a huge breakthrough. Defendants manipulated the information given to physicians to exaggerate Celebrex's benefits and to conceal

Complaint: Amended Notice of Adoption
Addendum to Section 1(b)

4

1135100.tf - 9/22/2006 12:55:17 PM

M008A18455

SEP-22-2006(FRI) 12:44                                                    P. 031

1   its deadly risks through direct to consumer advertisements, press releases, promotional
2   conference calls, sales pitches and traditional advertisements. Defendants reiterated Celebrex's
3   health benefit claims to the medical community, but it did so without scientific justification.
4   PFIZER and PHARMACIA conducted pseudo-scientific studies intended to deceptively justify
5   Celebrex as safely providing the advertised benefits.
6       17.    Further, Defendants specifically touted the benefits of Celebrex over other
7   NSAIDs because it was easier on the gastrointestinal tract that prior NSAIDs such as ibuprofen
8   (Motrin and Advil) or naproxen (Aleve). Despite the claim, Defendants have never conclusively
9   demonstrated the gastrointestinal superiority of Celebrex over any NSAID.
10      18.    After studies funded by Defendants, several study authors made claims to the
11  Journal of American Medicine about Celebrex's benefits over older NSAIDs. These statements
12  were later shown to be false. The authors, paid by Defendants, had made statements that the
13  study ran six months rather than a full year. Further, the authors left out the ulcer problems that
14  had occurred in the later half of the study. The Arthritis Advisory Committee to the FDA found
15  that Defendants had not established a "clinically meaningful" safety advantage over NSAIDs and
16  that the data from the study would not support a superiority claim.
17      19.    In December, the National Cancer Institute stopped the treatment phase of a trial
18  of Celebrex. The study, designed to see whether Celebrex protected against the recurrence of
19  colon polyps, found that participants given the drug were at least 2 ½ times more likely to have
20  heart attacks or strokes than those who were given a placebo.
21      20.    Despite these specific studies showing that Celebrex could increase the risk of
22  cardiovascular events and myocardial infarctions more so than other NSAIDS, Defendants
23  continue to promote Celebrex as a healthy alternative to competitors like Vioxx and other
24  NSAIDS. Defendants have yet to change their labeling on the drug to include these new
25  warnings.
26      21.    Most recently in a strict letter, the FDA warned the Pfizer Defendants that their
27  television and print advertisements for Celebrex misled consumers. This letter set forth that five
28

Complaint: Amended Notice of Adoption
Addendum to Section 1(b)

5

11351000.M - 9/22/2006 12:55:17 PM

M008A18456

SEP-22-2006(FRI) 12:44                                                          P. 032

advertisements did not disclose side effects, and further went on to state that Defendants had made "unsubstantiated effectiveness claims" about Celebrex.

22. Twice in 2002, the Food and Drug Administration ordered Defendants to change their labeling information to include warnings of the potential and serious side effects of Bextra. At this point, PFIZER and PHARMACIA had continued to market the drug Bextra as being free of the side effects usually associated with non steroidal anti-inflammatory medications, despite any evidence of this allegation. Many clinical studies conducted after Bextra was put on the market indicated otherwise. Side effects such as cardiovascular events, myocardial infarctions, stomach disorders, intestinal bleeding and liver and kidney problems are just a few of the more serious side effects associated with the consumption of Bextra. Again, these side effects become more problematic with long term consumption of the drug and can occur without any warning whatsoever.

23. Despite defendants, PFIZER, PHARMACIA and McKESSON's blatant mislabeling and false advertising, there have been numerous adverse event reports and studies into side effects of Bextra and Celebrex. As is clear from the studies, these side effects have been consistently disregarded and minimized to both doctors and consumers. Defendants' desire to promote the growth of its product combined with market competition in the area fostered lack of information about Bextra and Celebrex.

24. Defendants, PFIZER and PHARMACIA continue to sell their drug Celebrex despite the increased and enormous risk this drug poses. At the FDA's urging Defendants withdrew Bextra from the market on April 7, 2005.

Complaint: Amended Notice of Adoption
Addendum to Section 1(b)

6

1135100.1 - 9/22/2006 12:55:17 PM

M008A18457

SEP-22-2006(FRI) 12:42 　　　　　　　　　　　　　　　　　　　　　　　　P. 020

| | CM-010 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Alissa S. Holt　　　　　　　　　　　　(SBN 217005)<br>HACKARD & HOLT<br>11335 Gold Express Drive, Suite 105<br>Gold River, CA 95670<br>TELEPHONE NO: (916) 853-3000　FAX NO.: (916) 853-3010<br>ATTORNEY FOR (Name): Plaintiffs, ALI and BASSEMA MUHILDDINE | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: MUHILDDINE, et al. v. MERCK & COMPANY, INC., et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited　[ ] Limited<br>(Amount　(Amount<br>demanded　demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>[ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>BC359104<br>JUDGE:<br>DEPT.: |
|---|---|---|

Items 1-5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [X] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [X] is   [ ] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify):

5. This case [ ] is   [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 21, 2006

ALISSA S. HOLT　　　　　　　　　　　　　　　　　　　　　▶　/s/ [signature]
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2006]　　ESSENTIAL FORMS™　　CIVIL CASE COVER SHEET　　Cal. Rules of Court, rules 201.8, 1800-1812;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov

VIOXX

11351000.tif - 9/22/2006 12:55:17 PM

M008A18458

SEP-22-2006(FRI) 12:44  P. 033

| SHORT TITLE: MUHILDDINE, et al., v. MERCK & COMPANY, et al. | CASE NUMBER: BC359104 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**
**(CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)**

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 40   [ ] HOURS [X] DAYS.

Item II. Select the correct district and courthouse location (4 steps - if you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.
Step 2: Check **one** Superior Court type of action in Column B below which best describes the nature of this case.
Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | [ ] A6070 Asbestos Property Damage<br>[ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons<br>[ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall)<br>[ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270 Intentional Infliction of Emotional Distress<br>[ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |
| Intellectual Property (19) | [ ] A6016 Intellectual Property | 2., 3. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved
Martin Dean's Essential Forms ™

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

VIOXX

11351000.tif - 9/22/2006 12:55:17 PM

M008A18459

SEP-22-2006(FRI) 12:44 ● ● P.034

| SHORT TITLE: MUHILDDINE, et al., v. MERCK & COMPANY, et al. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels | 2. |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (Rev. 03/04)
LASC Approved
Martin Dean's Essential Forms™

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

VIOXX

LASC, rule 2.0
Page 2 of 4

11351000.tif - 9/22/2006 12:55:17 PM

M008A18460

SEP-22-2006(FRI) 12:44                                                                                   P. 035

| SHORT TITLE: MUHILDDINE, et al., v. MERCK & COMPANY, et al. | | | CASE NUMBER |
|---|---|---|---|
| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | | **C**<br>Applicable Reasons -<br>See Step 3 Above |
| Writ of Mandate (02) | ☐ A6151<br>☐ A6152<br>☐ A6153 | Writ - Administrative Mandamus<br>Writ - Mandamus on Limited Court Case Matter<br>Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review (39) | ☐ A6150 | Other Writ/Judicial Review | 2., 8. |
| Antitrust/Trade Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007 | Construction defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☒ A6008 | Claims Involving Mass Tort | 1., ②, 8. |
| Securities Litigation (28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment (20) | ☐ A6141<br>☐ A6160<br>☐ A6107<br>☐ A6140<br>☐ A6114<br>☐ A6112 | Sister State Judgment<br>Abstract of Judgment<br>Confession of Judgment (non-domestic relations)<br>Administrative Agency Award (not unpaid taxes)<br>Petition/Certificate for Entry of Judgment on Unpaid Tax<br>Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030<br>☐ A6040<br>☐ A6011<br>☐ A6000 | Declaratory Relief Only<br>Injunctive Relief Only (not domestic/harassment)<br>Other Commercial Complaint Case (non-tort/non-complex)<br>Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121<br>☐ A6123<br>☐ A6124<br>☐ A6190<br>☐ A6110<br>☐ A6170<br>☐ A6100 | Civil Harassment<br>Workplace Harassment<br>Elder/Dependent Adult Abuse Case<br>Election Contest<br>Petition for Change of Name<br>Petition for Relief from Late Claim Law<br>Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

CIV 109 03-04 (Rev. 03/05)<br>LASC Approved<br>Martin Dean's Essential Forms™

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC rule 2.0<br>Page 3 of 4

VIOXX

11351000.tif - 9/22/2006 12:55:17 PM

M008A18461

SEP-22-2006(FRI) 12:44                                                                  P. 036

| SHORT TITLE: MUHILDDINE, et al., v. MERCK & COMPANY, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: CMO NO. 6: Direct Filing and Adoption of Master Complaint |
|---|---|
| CITY: | STATE: | ZIP CODE: | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEY MOSK courthouse in the CENTRAL District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: SEPTEMBER 21, 2006

_____
ALISSA S. HOLT
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04 (Rev. 03/06)   CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION   LASC, rule 2.0
LASC Approved                                                                             Page 4 of 4
Martin Dean's Essential Forms™
                                                           VIOXX

11351000.51 - 9/22/2006 12:55:17 PM

M008A18462