# EXHIBIT C

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 29 2005

JOHN A. CLARKE, CLERK
BY E. SABALBURO, DEPUTY

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| Coordination Proceeding<br>Special Title Rule (Rule 1550(b))<br><br>VIOXX® CASES | JCCP No.4247<br><br>~~[STIPULATED]~~ CASE MANAGEMENT ORDER NO. 6: <u>DIRECT FILING AND ADOPTION OF MASTER COMPLAINT</u><br><br>Assigned to the Honorable Victoria G. Chaney, Department 324. |

The parties hereby stipulate to the entry of the following Case Management Order No. 6: Direct Filing and Adoption of Master Complaint in the California Vioxx Coordination Proceeding ("CMO No. 6"), JCCP No. 4247 ("Coordination Proceeding").

1. **Amendment Of Case Management Order No. 3**

The terms of this CMO No. 6 shall amend and supersede any provisions of CMO No. 3 (General Pre-Trial Order) that are expressly inconsistent herewith. In all other respects, CMO No. 3 shall continue in full force and effect.

///

LA/613694v1

CMO No. 6: Direct Filing And Adoption Of Master Complaint

2. **Direct Filing Of Cases In Los Angeles County**

The purpose of this order is to enable the parties to allow their matters to be litigated at the earliest possible time, promote cost-effectiveness for all the parties and increase court efficiency, without intending to or effecting the curtailment of the parties rights' with respect to the trial venue, *forum non conveniens motions*, or removal to or remand from federal court.

(a) Any case arising out of the use of Vioxx, brought by either a resident of Los Angeles County or a resident of another California county, may be initiated in Los Angeles Superior Court, provided that the following conditions are met and procedures followed:

(1) As the initial pleading, each individual plaintiff shall file either (1) a short form Complaint titled "**Complaint: Amended Notice of Adoption of Master Complaint (2005 Amended NOA)**," a copy of which is attached hereto as Exhibit "A" ("Notice of Adoption"), or (2) a separate complaint. A plaintiff filing a Notice of Adoption as the initial pleading need not and shall not file a separate complaint. However, a plaintiff filing a separate complaint as the initial pleading must, within 75 days of the coordination of the action, file a Notice of Adoption of Master Complaint, which shall be the operative complaint.

(2) A plaintiff filing a separate complaint as the initial pleading shall state clearly on the caption page of the complaint, in bold print, the following information: (1) "**VIOXX**," and (2) "**County of Origin:** [plaintiff's county of residence or the county where the alleged injury occurred] **Superior Court. By Order of the Honorable Victoria G. Chaney, the designated county of origin shall be deemed, and is stipulated to be, the original county in which this case was initially filed and pending for purposes of removal under 28 U.S.C. § 1441(a) and potential trial venue.**"

(3) A separate Notice of Adoption shall be filed for each plaintiff claiming personal injury and for each wrongful death decedent.

(4) The initial pleading (whether a Notice of Adoption or a separate complaint) shall be accompanied by a Civil Case Cover Sheet (Form CM 0-10) and an Addendum to Civil Case Cover Sheet and Statement of Location (Form CIV 109 03-04). If multiple Notices of Adoption are filed, the filing must also comply with Section 2(a)(6) of this CMO 6.

- 2 -

CMO No. 6: Direct Filing And Adoption Of Master Complaint

(5) The initial pleading and Civil Cover Sheets shall be filed in the Central Division of Los Angeles Superior Court, located at 111 N. Hill Street, Los Angeles. The case will be transferred to Department 324 of the Central Civil West Division by the Clerk of the Court.

(6) If Notices of Adoption are the initial pleading, multiple separate Notices of Adoption may be grouped and filed simultaneously in which event there shall be only one charge for original filing fees and related court fees for all the grouped Notices of Adoption. Plaintiffs simultaneously filing a group of such Notices of Adoption shall also file and serve a Cover Sheet, in the form attached as Exhibit B, listing each and all of the plaintiffs whose separate Notices of Adoption are grouped. This procedure does not affect the requirement set forth above that a separate Notice of Adoption shall be filed for each plaintiff claiming personal injury and for each wrongful death decedent.

(7) After filing the initial pleading in the Central Division and upon effecting service of process on defendants, the parties are to follow the add-on procedures as provided in CMO 3, XVI.

(b) Each plaintiff whose action has been coordinated in this proceeding but who has not filed a Notice of Adoption to date must file a Notice of Adoption (Exhibit A) within 75 days of the entry of this order, which shall be deemed the sole operative complaint for such plaintiff and shall supersede any prior complaint filed by such plaintiff.

(c) Any plaintiff wishing to add a cause of action and/or party not identified in the operative Master Complaint may add such a cause of action and/or party by providing the necessary information in Section 1(b) of the Amended Notice of Adoption (Exhibit A).

(d) *For any and all Notices of Adoption filed after the date of this order, any defendant previously named and/or cause of action previously alleged in the original complaint (where the initial pleading was a separate complaint) that is not included in the Notice of*

*Adoption shall be deemed <u>dismissed</u> without prejudice as of the date of the filing of the Notice of Adoption.*

(e)   If a complaint and answer(s) thereto were filed prior to the date of this order and before such case became a part of the coordinated action, plaintiff(s) in that case shall file a Notice of Adoption (Exhibit A) and all defendants that previously answered shall be deemed to have answered; and such case shall remain at issue as to those parties and those claims.

3.   **Original Venue For Removal And Trial Purposes**

For purposes of removal, remand and trial venue, the designated county of origin specified in the initial pleading shall be deemed, and is stipulated to be, the original county in which this case was initially filed and pending. This Court expressly reserves the right to readdress this issue and revise this Order, if necessary, to effectuate the goal of this order which is to enable the parties to allow their matters to be litigated at the earliest possible time, promote cost-effectiveness for all the parties and increase court efficiency, without intending to or effecting the curtailment of the parties' rights with respect to the trial venue, forum non conveniens motions, or removal to or remand from federal court.

4.   **Remedy For Failure To Comply With Filing Procedures**

Failure to comply with the filing procedures set forth in CMO No. 3 and this CMO No. 6 shall be remedied using the following procedure: The parties shall first meet and confer and attempt to resolve the issues. If such meet and confer efforts are unsuccessful, notice of the failure to comply with the filing procedures shall be provided to the Court, whereupon the Court will issue an Order to Show Cause regarding failure to comply with this order.

SO STIPULATED:

Dated: September 23, 2005.

SEDGWICK DETERT MORAN &
ARNOLD LLP

By /s/ Ralph W. Campillo
Ralph Campillo
Wendy Tucker
Attorneys for Defendant
Merck & Co., Inc. and Co-Defense
Liaison Counsel

Dated: September 23, 2005.

REED SMITH LLP

By /s/ Ralph W. Campillo for
Michael K. Brown
Thomas J. Yoo
Attorneys for Defendant
Merck & Co., Inc. and Co-Defense
Liaison Counsel

Dated: September 23, 2005.

GIRARDI KEESE

By /s/ (for)
James O'Callahan
Attorneys for Plaintiffs and Plaintiffs'
Liaison Counsel

- 5 -

CMO No. 6: Direct Filing And Adoption Of Master Complaint

1  SO ORDERED:
2
3  Dated: 9/29/05
4
5
6                         The Honorable Victoria G. Chaney
                          Judge of the Superior Court
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  [Plaintiff's Counsel Information]
2
3
4
5
6
7
8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                       COUNTY OF LOS ANGELES
10

| Coordination Proceeding Special Title (Rule 1550(b)) | CASE NO. JCCP No. 4247 |
| --- | --- |
| VIOXX® CASES | Case No.: _____ |
| | County of Origin: _____ |
| | Superior Court |
| | *(By Order of the Honorable Victoria G. Chaney, the designated county of origin shall be deemed, and is stipulated to be, the original county in which this case was initially filed and pending for purposes of removal under 28 U.S.C. § 1441(a) and potential trial venue.)* |
| | **COMPLAINT: AMENDED NOTICE OF ADOPTION OF VIOXX MASTER COMPLAINT (2005 Amended NOA)** |
| | Assigned to the Honorable Victoria G. Chaney Department 324 |

-1-
Plaintiff's Notice Of Adoption Of Master Complaint

1 | Pursuant to the Court's Case Management Order No. 3: General Pre-trial Order and Case
2 | Management Order No. 6: Order Regarding Direct Filing, plaintiff
3 | _____ hereby adopts the Master Complaint, and any rulings
4 | or order of the Court relating thereto:

5 |     1. (a) **Causes of action and Parties alleged in the Master Complaint.** Plaintiff
6 | incorporates by reference each of the causes of action in the Master Complaint checked below
7 | and alleges same against Merck:

8 |     ☐    Strict Liability – Failure to Warn
9 |     ☐    Negligence
10 |     ☐    Negligence Per Se
11 |     ☐    Breach of Implied Warranty
12 |     ☐    Breach of Express Warranty
13 |     ☐    Deceit by Concealment
14 |     ☐    Negligent Misrepresentation
15 |     ☐    Violation of Business & Professions Code § 17200
16 |     ☐    Violation of Business & Professions Code § 17500
17 |     ☐    Violation of Civil Code § 1750
18 |     ☐    Wrongful Death
19 |     ☐    Survivor Action
20 |     ☐    Loss of Consortium

21 |     (b)    **Causes of Action and/or Parties not alleged in the Master Complaint.**
22 |     Plaintiff alleges additional causes of action and/or names additional parties not
23 | mentioned in the Master Complaint as follows: _____
24 | _____
25 | _____
26 | _____
27 | _____
28 |

-2-
Plaintiff's Notice Of Adoption Of Master Complaint

2. Plaintiff is a resident of the State of California, County of _____. Plaintiff's injuries as alleged in this litigation occurred in the County of _____, in the State of _____.

3. Plaintiff ☐ is/ ☐ is not claiming damages for mental and/or emotional distress.

4.

☐ Plaintiff is an individual who ingested VIOXX®, and who asserts claims for damages herein by complaining of the following injuries: _____

_____

_____

_____

☐ Plaintiff is the spouse of _____, an individual who ingested VIOXX® and allegedly sustained personal injuries as a result.

☐ Plaintiff's decedent, _____, an individual who ingested VIOXX® and allegedly sustained fatal injury as a result. The following plaintiffs are heirs of plaintiff's decedent, or other persons entitled to bring an action for the wrongful death of plaintiff's decedent, and bring the causes of action alleged herein pursuant to Code of Civil Procedure § 377.60:

_____

_____

_____

☐ Plaintiff is a personal representative or successor in interest to decedent, _____, who ingested VIOXX® and allegedly sustained fatal injury as a result, and is authorized to bring a survivor action on behalf of the decedent pursuant to Code of Civil Procedure § 377.31, et seq. Plaintiff has been appointed as the decedent's personal representative or successor in interest by the following court, on the following date:

_____

-3-
Plaintiff's Notice Of Adoption Of Master Complaint

1
2      5.    The Vioxx ingested by plaintiff or decedent was purchased at the following
3  pharmacies *(provide name and address of each pharmacy)*: _____
4  _____
5  _____
6  _____
7  _____
8      6.    *(If plaintiff alleges a cause of action for deceit by concealment and/or a cause of
9  action for negligent misrepresentation, plaintiff must complete this section.)* Plaintiff claims that
10 defendants are liable to plaintiff for deceit by concealment and/or negligent misrepresentation
11 based on the following allegations:
12     (a)    What allegedly false statement(s) did defendants make to you or your doctor *(if
13 doctor, state the name and address of the doctor)*?: _____
14 _____
15 _____
16 _____
17 _____
18 _____
19     (b)    State the name and job title of the individual(s) who made the above-described
20 statements to you or your doctor?: _____
21 _____
22 _____
23     (c)    When, and by what means (e.g., writing, oral statement, television, Internet, etc.),
24 were the above-described statements made to you or your doctor?: _____
25 _____
26 _____
27 _____
28

-4-
Plaintiff's Notice Of Adoption Of Master Complaint

1  (d)  When, and how, did you or your doctor rely on the above-described statements?: _____
2  _____
3  _____
4  _____
5  _____

6  (e)  If the above-described statements were false by virtue of defendants' concealment
7  of facts that were known by defendants, state the facts that were concealed and that, if known by
8  you or your doctor, would have prevented your alleged injury: _____
9  _____
10 _____
11 _____
12 _____

13  7.  Plaintiff requests the relief checked below:
14  ☐  Past and future general damages, according to proof.
15  ☐  Past and future medical and incidental expenses, according to proof.
16  ☐  Past and future loss of earnings and/or earning capacity, according to proof.
17  ☐  Punitive and exemplary damages, where permitted by law.
18  ☐  Damages for past and future mental and/or emotional distress, according to proof.
19  ☐  Damages for past and future loss of consortium, according to proof.
20  ☐  Costs of suit incurred herein.
21  ☐  Injunctive relief (specify): _____
22  _____
23  _____
24  ☐  Other (specify): _____
25
26  DATED: _____, 2005
27                              By: _____
                                [Attorney's Name]
                                Attorneys for Plaintiff
28                              [Plaintiff's Name]

-5-
Plaintiff's Notice Of Adoption Of Master Complaint

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| Coordination Proceeding<br>Special Title (Rule 1550(b))<br><br>VIOXX® CASES | JCCP No. 4247<br><br>VIOXX<br><br>**COVER SHEET FOR FILING OF MULTIPLE VIOXX NOTICES OF ADOPTION OF MASTER COMPLAINT**<br><br>*(Per Section 2(a)(6) of CMO 6 signed by the Honorable Victoria G. Chaney in JCCP No. 4247: VIOXX CASES)*<br><br>Assigned to the Honorable Victoria G. Chaney, Department 324. |
|---|---|

    This Cover Sheet For Filing of Multiple Vioxx Notices of Adoption of Master Complaint ("Cover Sheet") is filed pursuant to Section 2(a)(6) of Case Management Order 6 signed by the Honorable Victoria G. Chaney in JCCP No. 4247: VIOXX CASES, which provides, in pertinent part:

    "If Notices of Adoption are the initial pleading, multiple separate Notices of Adoption may be grouped and filed simultaneously in which event there shall be only one charge for original filing fees and related court fees for all the grouped Notices of Adoption. Plaintiffs simultaneously filing a group of such Notices of Adoption shall also file and serve a Cover Sheet, in the form attached as Exhibit B, listing each and all of the plaintiffs whose separate Notices of Adoption are grouped. . . ." (emphasis added)

    Notices of Adoption of the Master Complaint ("Notices of Adoption") for the following plaintiffs are filed concurrently with this Cover Sheet:

    1. *(Name of plaintiff)*
    2. *(Name of plaintiff)*
    3. *(Name of plaintiff)*

- 1 -

Civil Cover Sheet For Filing Multiple Notices Of Adoption Of Master Complaint

4. *(Name of plaintiff)*

These Notices of Adoption are filed in place of initial complaints and will serve as initial pleadings pursuant to CMO 6.

This Cover Sheet is to be filed with the Court and served upon Liaison Counsel. Each Notice of Adoption of the Master Complaint filed concurrently with this Cover Sheet is to be filed with the Court, served upon Liaison Counsel, and served upon all parties named therein.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, 801 South Figueroa Street, 18th Floor, Los Angeles, California 90017-5556. On September 30, 2005, I served the within document pursuant to the Court's Electronic Case Management Order (CMO No. 1):

**CASE MANAGEMENT ORDER NO. 6: DIRECT FILING AND ADOPTION OF MASTER COMPLAINT**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☐ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

☒ CASE HOME PAGE – by submitting an electronic version of the above referenced documents via file transfer protocol to the CaseHomePage.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 30, 2005, at Los Angeles, California.

_____
Kelly C. Palmer

LA/610181v1